UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

AMY YOUNG and JOHN SCOTT,
as Co-Personal Representatives of
the ESTATE of ANDREW LEE SCOTT,
deceased, and MIRANDA MAUCK,
individually,

CASE NO.: 5:13-CV-113-OC-22-PRL

Plaintiffs,

vs.

GARY S. BORDERS, in his official capacity
as SHERIFF of LAKE COUNTY FLORIDA,
and RICHARD SYLVESTER, in his
individual capacity,

Defendants.
______________________________________/

## AMENDED COMPLAINT

COME NOW the Plaintiffs, AMY YOUNG and JOHN SCOTT, as Co-Personal Representatives of the ESTATE of ANDREW LEE SCOTT (hereinafter the "ESTATE"), and Plaintiff, MIRANDA MAUCK (hereinafter "MAUCK"), individually, hereby sue Defendants, GARY S. BORDERS, in his official capacity as SHERIFF of LAKE COUNTY FLORIDA, and RICHARD SYLVESTER in his individual capacity and alleges as follows:

## PARTIES

1. AMY YOUNG is the parent and surviving mother of ANDREW LEE SCOTT.

2. JOHN SCOTT is the parent and surviving father of ANDREW LEE SCOTT.

3. AMY YOUNG and JOHN SCOTT are Co-Personal Representatives of the ESTATE of ANDREW LEE SCOTT.

4. ANDREW LEE SCOTT, deceased, was at all times relevant hereto, a resident of Lake County, Florida, he was over 18 years old and he did not have a spouse or lineal descendants.

5. MAUCK is and was at all times relevant hereto, a resident of Lake County, Florida and she is over 18 years old.

6. At all material times hereto, GARY S. BORDERS, in his Official Capacity, is the Sheriff of Lake County (hereinafter "SHERIFF").

7. RICHARD SYLVESTER is a Deputy employed by the Lake County Sheriff's Office, is over 18 years old and upon information and belief, is a resident in or conducts business in Lake County, Florida and is being sued in his individual capacity.

## VENUE AND JURISDICTION

8. This action is proper in the Middle District of Florida, Ocala Division, as all material facts of this cause of action occurred on or about July 15, 2012, in Lake County, Florida.

9. This action is brought, among other things, pursuant to 42 U.S.C. §1983 and §1988 and the Fourth and Fourteenth Amendments to the United States Constitution. Title 28 U.S.C. §1331 and §1343 (a)(3) and (4), to redress the deprivation, under color of law, of any right, privilege or immunity secured by the United States Constitution, and 28 U.S.C. §1367 which provides supplemental jurisdiction over state law claims.

10. This claim is also brought pursuant to the Wrongful Death Act, Florida Statutes §768.16 – §768-26.

11. Pursuant to Florida Statute §768.28(6)(a), all Plaintiffs have notified SHERIFF of their claims prior to the filing of this action and said claims were not resolved. All

Plaintiffs have fully complied with §768.28(6)(a), including providing notice and service to the Florida Department of Financial Services.

12. Venue and jurisdiction are proper in this Court because all the wrongful acts complained of occurred within this judicial district of Lake County and several of these claims are being brought under 42 U.S.C. §1983.

13. All events giving rise to this complaint occurred in Lake County, Florida.

14. All conditions precedent to the filing of this action have occurred, accrued or have been waived as a matter of law.

**GENERAL ALLEGATIONS**

15. On or about July 15, 2012 at approximately 1:00 A.M., RICHARD SYLVESTER observed a sport-style motorcycle traveling at approximately 90 miles per hour on State Road 441 in the area of Tomato Hill Road.

16. RICHARD SYLVESTER attempted to conduct a traffic stop on said motorcycle, but the motorcycle turned left on to County Road 44 and RICHARD SYLVESTER lost sight of the motorcycle.

17. RICHARD SYLVESTER was directed over radio dispatch by Lieutenant Mark Stauffer to break off the pursuit. RICHARD SYLVESTER deactivated all emergency lights and sirens and thereby terminated the pursuit.

18. RICHARD SYLVESTER then advised the Lake County Sheriff's Communication Center he was back in service and returned to his assigned detail.

19. RICHARD SYLVESTER learned during his brief pursuit, through the Lake County Sheriff's Communication Center, that the operator of the motorcycle was possibly involved in a Battery incident occurring within the City of Leesburg and that operator of the

motorcycle may be armed with a pistol. Lake County Sheriff's Communication Center could not provide driver's license number, name or address of the operator of said motorcycle. A short time later, RICHARD SYLVESTER received information from Corporal David McDaniel, via radio communication, that Corporal David McDaniel had possibly located the subject motorcycle at the Blueberry Hill II Apartments.

20. Upon learning this information, RICHARD SYLVESTER responded by driving to the Blueberry Hill II Apartment complex. While in route, RICHARD SYLVESTER ran an inquiry through the Driver and Vehicle Information Database (DAVID) regarding the motorcycle license plate information he had received from Corporal McDaniel.

21. RICHARD SYLVESTER obtained a driver's license photo of the owner of the subject motorcycle, Jonathan Brown, through the DAVID system.

22. At all material times hereto, Jonathan Brown is five feet and ten inches tall, weighs two-hundred and twenty pounds, has short dark brown hair and brown eyes.

23. At all material times hereto, ANDREW LEE SCOTT is six feet tall, weighs three-hundred and three pounds, has long light brown hair and blue eyes.

24. RICHARD SYLVESTER then met Corporal McDaniel, Deputy Joseph Brocato, and Deputy Lisa Dorrier at Blueberry Hill II Apartments. Corporal McDaniel advised RICHARD SYLVESTER that the engine of the subject motorcycle was still hot. RICHARD SYLVESTER then touched the lens on the headlight of the subject motorcycle and found that it was warm to the touch.

25. The subject motorcycle was parked in the apartment complex common parking area next to a white Chevrolet Trailblazer, which had the same registered owner, Jonathan Brown.

26. At all material times hereto, Apartment 114, Blueberry Hill Apartments, II, 33306 Ryan Drive, Leesburg, Florida 34788 was the residence and domicile of ANDREW LEE SCOTT.

27. At all material times hereto, Apartment 114, Blueberry Hill Apartments, II, 33306 Ryan Drive, Leesburg, Florida 34788 was the residence and domicile of MAUCK.

28. The subject motorcycle was parked in the vicinity of Apartment 114 & Apartment 115, Blueberry Hill Apartments, II, 33306 Ryan Drive, Leesburg, Florida 34788 (hereinafter "APARTMENT 114" & "APARMENT 115").

29. RICHARD SYLVESTER, Corporal McDaniel, Deputy Brocato and Deputy Dorrier commenced a door-to-door search for Jonathan Brown, the owner of the subject motorcycle.

30. RICHARD SYLVESTER positioned himself to the left side of the door outside APARTMENT 114.

31. In concert with RICHARD SYLVESTER'S actions, Deputy Brocato and Deputy Dorrier positioned themselves outside of APARTMENT 115.

32. RICHARD SYLVESTER, with his gun drawn, loudly pounded on the door of APARTMENT 114.

33. Miguel Williams, the resident of APARTMENT 115, opened his door, thinking the loud pounding on the door at APPARTMENT 114 was instead at his window. Deputy Dorrier engaged Miguel Williams in conversation in an attempt to obtain the apartment location of the suspect, Jonathan Brown, owner of the motorcycle and Trailblazer. Miguel Williams made a hand gesture towards Apartment 124, Blueberry Hill Apartments, II, 33306 Ryan Drive, Leesburg, Florida 34788.

34. RICHARD SYLVESTER without waiting for the information discovered by Deputies Brocato and Dorrier, proceeded to pound on the door on the door of 114 a second time. At this point, RICHARD SYLVESTER overheard someone tell Deputy Dorrier "he lives over there." However, once again, RICHARD SYLVESTER did not stop or retreat before proceeding with his search.

35. RICHARD SYLVESTER prepared to knock on the door of APARTMENT 114 for a third time, but the door opened.

36. RICHARD SYLVESTER failed to identify himself as a law enforcement officer.

37. In fear for the safety of himself and MAUCK, due to the hour of day and the loud pounding at his door, and with lack of identification by SHERIFF'S deputies, ANDREW LEE SCOTT retrieved his firearm before opening the door of his residence.

38. MAUCK positioned herself in the living room several feet behind ANDREW LEE SCOTT as he opened the door.

39. RICHARD SYLVESTER was hiding or concealing himself against the outside wall positioned between the fence and the door, within the curtilage of APARTMENT 114.

40. Without warning and without identifying himself as a law enforcement officer, RICHARD SYLVESTER proceeded to fire six bullets at ANDREW LEE SCOTT, four of these bullets which penetrated ANDREW LEE SCOTT.

41. After firing at ANDREW LEE SCOTT, RICHARD SYLVESTER verbally engaged ANDREW LEE SCOTT, yelling for him to show him his hands. ANDREW LEE SCOTT began falling backwards into his apartment.

42. RICHARD SYLVESTER followed ANDREW LEE SCOTT into APARTMENT 114 and located ANDREW LEE SCOTT lying on the couch in the living room.

43. MAUCK was removed from her apartment, APARTMENT 114, by RICHARD SYLVESTER.

44. The bullets fired by RICHARD SYLVESTER fatally wounded the decedent, ANDREW LEE SCOTT.

45. After the shooting of ANDREW LEE SCOTT, MAUCK was detained in the back passenger area of a Lake County police cruiser. The doors of the police cruiser were locked and MAUCK was not free to leave.

46. The decedent, ANDREW LEE SCOTT, was neither a subject nor a suspect of any law enforcement investigation on July 15, 2012.

47. Likewise, MAUCK was neither a subject nor a suspect of any law enforcement investigation on July 15, 2012.

48. APARTMENT 114 was not an address associated with any subjects or suspects of any ongoing investigation by law enforcement on July 15, 2012.

49. The actual suspect, Jonathan Brown, was arrested a few hours later at his residence of Apartment 124, Blueberry Hill Apartments, II, 33306 Ryan Drive, Leesburg, Florida 34788, the same apartment Miguel Williams pointed to when questioned by Deputies Brocato and Dorrier before RICHARD SYLVESTER shot and killed ANDREW LEE SCOTT.

**COUNT I**
**42 U.S.C. § 1983**
**(DEFENDANT RICHARD SYLVESTER)**

50. The ESTATE re-alleges the allegations contained in paragraphs 1 through 49 above, as if fully set forth herein.

51. This is a cause of action against RICHARD SYLVESTER for violation of civil rights pursuant to 42 U.S.C. §1983 and for damages for these violations of the Fourth and Fourteenth Amendments to the United States Constitution.

52. On or about July 15, 2012, at approximately 1:30 A.M., RICHARD SYLVESTER, under the color of law, without cause, and with his gun drawn, stood inside the curtilage and knocked loudly on the door of APARTMENT 114,

53. Without warning, RICHARD SYLVESTER intended to make and made a forced physical entry into APARTMENT 114 by firing six bullets into APARTMENT 114.

54. Without warning, RICHARD SYLVESTER intended to make and made a second forced physical entry into APARTMENT 114 by making chase into the apartment.

55. Of the six bullets fired by RICHARD SYLVESTER, four bullets penetrated ANDREW LEE SCOTT, fatally wounding him.

56. ANDREW LEE SCOTT had clearly established rights under the Constitution of the United States of America to be secure from unlawful restraint of his person and liberty and to be free from wrongful search, seizure and the use of excessive force. ANDREW LEE SCOTT'S person and liberty may be restricted only upon due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

57. This is an action brought pursuant to 42 U.S.C. §1983, which provides:

> "Every person, who under color of any statute, ordinance, regulation, custom or usage of any State or Territory.... Subjects or causes to be

> subjected any citizen of the United States or others person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action of law, suit in equity of other proper proceeding for redress."

58. RICHARD SYLVESTER, in violation of ANDREW LEE SCOTT'S clearly established Constitutional Rights, intended to enter and did enter, with a body part or instrument by firing six bullets into APARTMENT 114, without consent, without a search warrant, without an arrest warrant and without probable cause.

59. RICHARD SYLVESTER failed to announce that he was member of law enforcement when he loudly pounded on the door of APARTMENT 114.

60. RICHARD SYLVESTER failed to announce that he was member of law enforcement before he fired six bullets in APARTMENT 114 and entered said apartment.

61. RICHARD SYLVESTER'S actions of shooting six bullets into APARTMENT 114 and thereafter entering constitute two forcible entries subject to the "knock and announce" provisions of the Fourth Amendment.

62. RICHARD SYLVESTER'S actions violated the clearly established Fourth Amendment requirement under the law of the United States of America that police knock and announce their presence before a forced physical entry.

63. ANDREW LEE SCOTT posed no immediate threat to RICHARD SYLVESTER. ANDREW LEE SCOTT was lawfully armed, with his gun at his side, as he opened the door to his home. At no time did ANDREW LEE SCOTT point his weapon at RICHARD SYLVESTER or make any threatening statements or actions towards RICHARD SYLVESTER.

64. RICHARD SYLVESTER overreacted by firing six bullets at ANDREW LEE SCOTT, four of these bullets penetrating and killing ANDREW LEE SCOTT.

65. RICHARD SYLVESTER'S use of excessive force, by shooting six bullets at and killing ANDREW LEE SCOTT, was greater force than reasonable and/or necessary under the circumstances.

66. As a result of RICHARD SYLVESTER'S actions and use of excessive force, ANDREW LEE SCOTT was deprived of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. Violation of these rights entitles the ESTATE to an award of damages for loss of those rights and the damages that resulted therefrom.

67. The ESTATE'S damages include loss of the prospective net accumulations of the ESTATE, which might be reasonably expected but-for the wrongful death and medical and funeral expenses due to ANDREW LEE SCOTT'S injury and death.

68. Through the ESTATE, AMY YOUNG, surviving mother of ANDREW LEE SCOTT is entitled to damages for pain and suffering.

69. Through the ESTATE, JOHN SCOTT, surviving father of ANDREW LEE SCOTT is entitled to damages for pain and suffering.

70. The ESTATE has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from RICHARD SYLVESTER a reasonable attorney's fees for said counsel pursuant to 42 U.S.C. §1988 and all other relevant Federal Statutes.

WHEREFORE, for the foregoing reasons, the ESTATE and through the ESTATE, surviving parents AMY YOUNG and JOHN SCOTT, respectfully request this Honorable Court to take jurisdiction of this cause and over the parties to this action; to enter an award of damages against RICHARD SYLVESTER; to award the ESTATE its attorneys fees and costs pursuant to 42 U.S.C. §1988 and other applicable laws; and/or to enter judgment against

RICHARD SYLVESTER for the foregoing reasons; to enter a judgment against RICHARD SYLVESTER for all compensatory damages allowed by law, including punitive damages; and to award any further relief as this Honorable Court deems just and proper under the circumstances.

**COUNT II**
**42 U.S.C. §1983**
**(DEFENDANT SHERIFF)**

71. The ESTATE re-alleges the allegations contained in paragraphs 1 through 49 above, as if fully set forth herein.

72. This is a cause of action against SHERIFF for violation of civil rights pursuant to 42 U.S.C. §1983 and for damages for these violations of the Fourth and Fourteenth Amendments to the United States Constitution.

73. At all material times hereto, RICHARD SYLVESTER is a Deputy employed by SHERIFF and operating under the color of law.

74. SHERIFF had a policy, practice, and/or custom in place of not announcing or identifying themselves as law enforcement officers when searching with the intent of entry and/or entering, which amounts to an unlawful search and seizure, violating clearly established constitutional rights, as was done in the instant case.

75. SHERIFF'S aforementioned policy was the moving force of the constitutional violation in the instant case.

76. On or about July 15, 2012, at approximately 1:30 A.M., RICHARD SYLVESTER, under the color of law, without cause, and with his gun drawn, stood inside the curtilage and knocked loudly on the door of APARTMENT 114. RICHARD SYLVESTER

failed to announce himself as a law enforcement officer as he pounded on the door or after ANDREW LEE SCOTT opened the door to his residence.

77. ANDREW LEE SCOTT posed no immediate threat to RICHARD SYLVESTER. ANDREW LEE SCOTT was lawfully armed, with his gun at his side, as he opened the door to his home. ANDREW LEE SCOTT at no time pointed his weapon or made any threatening moves at RICHARD SYLVESTER.

78. Without warning, RICHARD SYLVESTER intended to make and made a forced physical entry into APARTMENT 114 by firing six bullets into APARTMENT 114.

79. Without warning, RICHARD SYLVESTER intended to make and made a second forced, physical entry into APARTMENT 114 by making chase into the apartment.

80. Of the six bullets fired by RICHARD SYLVESTER, four bullets penetrated ANDREW LEE SCOTT, fatally wounding him.

81. ANDREW LEE SCOTT had clearly established rights under the Constitution of the United States of America to be secure from unlawful restraint of his person and liberty; and to be free from wrongful search, seizure and the use of excessive force. ANDREW LEE SCOTT'S person and liberty may be restricted only upon due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

82. This is an action brought pursuant to 42 U.S.C. §1983, which provides:

> "Every person, who under color of any statute, ordinance, regulation, custom or usage of any State or Territory.... Subjects or causes to be subjected any citizen of the United States or others person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action of law, suit in equity of other proper proceeding for redress."

83. As a result of SHERIFF'S policy, practice, and/or custom, ANDREW LEE SCOTT was deprived of his rights under the Fourth and Fourteenth Amendments to the

United States Constitution. Violation of these rights entitles the ESTATE to an award of damages for loss of those rights and the damages that resulted therefrom.

84. The ESTATE'S damages include loss of the prospective net accumulations of the ESTATE, which might be reasonably expected but-for the wrongful death; and medical and funeral expenses due to decedent, ANDREW LEE SCOTT'S injury and death.

85. Through the ESTATE, AMY YOUNG, surviving mother of ANDREW LEE SCOTT, is entitled to damages for pain and suffering.

86. Through the ESTATE, JOHN SCOTT, surviving father of ANDREW LEE SCOTT, is entitled to damages for pain and suffering.

87. The ESTATE has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from SHERIFF a reasonable attorney's fees for said counsel pursuant to 42 U.S.C. §1988 and all other relevant Federal Statutes.

WHEREFORE, for the foregoing reasons, the ESTATE and through the ESTATE, surviving parents AMY YOUNG and JOHN SCOTT, respectfully request this Honorable Court to take jurisdiction of this cause and the parties to this action; to enter an award of damages against SHERIFF; to award the ESTATE its attorneys fees and costs pursuant to 42 U.S.C. §1988 and other applicable laws; and/or to enter judgment against SHERIFF for the foregoing reasons; to enter a judgment against SHERIFF for all compensatory damages allowed by law; and to award any further relief as this Honorable Court deems just and proper under the circumstances.

## COUNT III
## WRONGFUL DEATH
## (DEFENDANT RICHARD SYLVESTER)

88. The ESTATE re-alleges the allegations contained in paragraphs 1 through 49 above, as if fully set forth herein.

89. This claim is brought pursuant to the Wrongful Death Act, Florida Statutes §768.16 – 768-26.

90. On or about July 15, 2012, at approximately 1:30 A.M., RICHARD SYLVESTER, without cause, and with his gun drawn, stood inside the curtilage and knocked loudly on the door of APARTMENT 114.

91. ANDREW LEE SCOTT was in his home, he was not a suspect and he answered the door to his residence lawfully armed. At no time did ANDREW LEE SCOTT ever make any threatening moves and did not point his weapon at RICHARD SYLVESTER. RICHARD SYLVESTER responded by shooting six bullets at ANDREW LEE SCOTT, four of these bullets penetrating and killing ANDREW LEE SCOTT.

92. RICHARD SYLVESTER knew or should have known that APARTMENT 114 was not the residence of the actual suspect Jonathan Brown.

93. RICHARD SYLVESTER had a duty to use reasonable care in the performance of law enforcement activities so as not to endanger the lives and safety of persons within any foreseeable zones of risk created by such activities, including ANDREW LEE SCOTT.

94. RICHARD SYLVESTER breached said duty when he fired six bullets at ANDREW LEE SCOTT, and killed ANDREW LEE SCOTT.

95. RICHARD SYLVESTER'S breach of said duty is the proximate cause of ANDREW LEE SCOTT'S death.

96. RICHARD SYLVESTER'S act of shooting ANDREW LEE SCOTT was in bad faith or with malicious purpose.

97. ANDREW LEE SCOTT would have been entitled to maintain an action against RICHARD SYLVESTER and recover damages if his death had not ensued from the actions of RICHARD SYLVESTER; therefore, the ESTATE is entitled to maintain an action to recover its damages.

98. The ESTATE'S damages include loss of the prospective net accumulations of the ESTATE, which might be reasonably expected but-for the wrongful death; and medical and funeral expenses due to decedent, ANDREW LEE SCOTT'S injury and death.

99. Through the ESTATE, AMY YOUNG, surviving mother of ANDREW LEE SCOTT, is entitled to damages for pain and suffering.

100. Through the ESTATE, JOHN SCOTT, surviving father of ANDREW LEE SCOTT, is entitled to damages for pain and suffering.

WHEREFORE, for the foregoing reasons, the ESTATE and through the ESTATE, surviving parents AMY YOUNG and JOHN SCOTT, respectfully request this Honorable Court to take jurisdiction of this cause and the parties to this action; to enter an award of damages against RICHARD SYLVESTER; to award the ESTATE its attorney's fees and costs; and/or to enter judgment against RICHARD SYLVESTER for the foregoing reasons; to enter a judgment against RICHARD SYLVESTER for all compensatory damages allowed by law, including punitive damages; and to award any such further relief as this Honorable Court deems just and proper under the circumstances.

**COUNT IV**
**WRONGFUL DEATH**
**(DEFENDANT SHERIFF)**

101. The ESTATE re-alleges the allegations contained in paragraphs 1 through 49 above, as if fully set forth herein.

102. This claim is brought pursuant to the Wrongful Death Act, Florida Statutes §768.16 – §768.26.

103. At all material times hereto, RICHARD SYLVESTER is a Deputy employed by SHERIFF and is within the course and scope of his employment with SHERIFF.

104. On or about July 15, 2012, at approximately 1:30 A.M., RICHARD SYLVESTER, with his gun drawn, stood inside the curtilage and loudly knocked on the door of APARTMENT 114 and shot and killed ANDREW LEE SCOTT.

105. ANDREW LEE SCOTT was in his home, he was not a suspect, he answered his door lawfully armed and did not point his weapon at RICHARD SYLVESTER.

106. RICHARD SYLVESTER knew or should have known that APARTMENT 114 was not the residence of the actual suspect, Jonathan Brown.

107. RICHARD SYLVESTER fired six bullets at ANDREW LEE SCOTT, four of these bullets penetrating and killing ANDREW LEE SCOTT.

108. RICHARD SYLVESTER'S conduct and actions were the type he was employed by SHERIFF to perform.

109. RICHARD SYLVESTER'S conduct and actions were activated at least in part by a purpose to serve SHERIFF.

110. At all times material hereto, RICHARD SYLVESTER had a duty to use reasonable care in the performance of law enforcement activities, so as not to endanger the

lives and safety of persons within any foreseeable zones of risk created by such activities, including ANDREW LEE SCOTT.

111. RICHARD SYLVESTER breached said duty to use reasonable care.

112. RICHARD SYLVESTER'S breach of said duty is the proximate cause of ANDREW LEE SCOTT'S death.

113. RICHARD SYLVESTER'S act of shooting ANDREW LEE SCOTT was wrongful or negligent.

114. ANDREW LEE SCOTT'S death was the result of RICHARD SYLVESTER'S wrongful or negligent actions.

115. The decedent, ANDREW LEE SCOTT, would have been entitled to maintain an action against SHERIFF and recover damages if his death had not ensued from the actions of SHERIFF'S employee, RICHARD SYLVESTER; therefore, the ESTATE is entitled to maintain an action to recover its damages.

116. The ESTATE'S damages include loss of the prospective net accumulations of the ESTATE which might be reasonably expected, but-for the wrongful death; and medical and funeral expenses due to ANDREW LEE SCOTT'S injury and death.

117. Through the ESTATE, AMY YOUNG, surviving mother of ANDREW LEE SCOTT, is entitled to damages for pain and suffering.

118. Through the ESTATE, JOHN SCOTT, surviving father of ANDREW LEE SCOTT, is entitled to damages for pain and suffering.

WHEREFORE, for the foregoing reasons, the ESTATE, and through the ESTATE, surviving parents AMY YOUNG and JOHN SCOTT, respectfully request this Honorable Court to take jurisdiction of this cause and the parties to this action; to enter an award of

damages against SHERIFF; to award the ESTATE its attorney's fees and costs; and/or to enter judgment against SHERIFF, for the foregoing reasons; to enter a judgment against SHERIFF for all compensatory damages allowed by law; and to award any such and further relief as this Honorable Court deems just and proper under the circumstances.

## COUNT V
## 42 U.S.C. § 1983
## MIRANDA MAUCK AGAINST RICHARD SYLVESTER

119. MAUCK re-alleges the allegations contained in paragraphs 1 through 49 above, as if fully set forth herein.

120. This is a cause of action against RICHARD SYLVESTER for violation of civil rights pursuant to 42 U.S.C. §1983, and for damages for these violations of the Fourth and Fourteenth Amendments to the United States Constitution.

121. On or about July 15, 2012, at approximately 1:30 A.M., RICHARD SYLVESTER, under the color of law, without cause, and with his gun drawn, stood inside the curtilage and knocked loudly on the door of APARTMENT 114, he did not announce himself as a law enforcement officer and he entered, search and seized MAUCK.

122. MAUCK had clearly established rights under the Constitution of the United States of America to be secure from unlawful restraint of her person and liberty; and to be free from wrongful search and seizure. MAUCK'S person and liberty may be restricted only upon due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

123. This is an action brought pursuant to 42 U.S.C. §1983, which provides:

> "Every person, who under color of any statute, ordinance, regulation, custom or usage of any State or Territory.... Subjects or causes to be subjected any citizen of the United States or others person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities

> secured by the Constitution and laws, shall be liable to the party injured in an action of law, suit in equity of other proper proceeding for redress."

124. RICHARD SYLVESTER, in violation of MAUCK'S clearly established Constitutional Rights, intended to enter and did enter, with a body part or instrument by entering APARTMENT 114, without consent, without a search warrant, without an arrest warrant and without probable cause.

125. Without warning, RICHARD SYLVESTER intended to make and made a forced physical entry into APARTMENT 114 by firing six bullets into APARTMENT 114.

126. Without warning, RICHARD SYLVESTER intended to make and made a second forced, physical entry into APARTMENT 114 by making chase into the apartment.

127. RICHARD SYLVESTER did not announce that he was member of law enforcement when he loudly pounded on the door of APARTMENT 114.

128. RICHARD SYLVESTER did not announce that he was member of law enforcement before forcibly entering APARTMENT 114.

129. RICHARD SYLVESTER forcibly entered MAUCK'S home, where she was subsequently was searched and seized.

130. RICHARD SYLVESTER'S actions violated the clearly established Fourth Amendment requirement under the law of the United States of America that police knock and announce their presence before a forced physical entry.

131. MAUCK posed no immediate threat to RICHARD SYLVESTER.

132. As a result of RICHARD SYLVESTER'S actions, MAUCK was deprived of her rights under the Fourth and Fourteenth Amendments to the United States Constitution.

Violation of these rights entitles MAUCK to an award of damages for loss of those rights and the damages that resulted therefrom.

133. MAUCK has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from RICHARD SYLVESTER a reasonable fee for said counsel pursuant to 42 U.S.C. §1988 and all other relevant Federal Statutes.

WHEREFORE, for the foregoing reasons, MAUCK respectfully requests this Honorable Court to take jurisdiction of this cause and the parties to this action; to enter an award of damages against RICHARD SYLVESTER; to award MAUCK her attorney's fees and costs pursuant to 42 U.S.C. §1988 and other applicable laws; and/or to enter judgment against RICHARD SYLVESTER for the foregoing reasons; to enter a judgment against RICHARD SYLVESTER for all compensatory damages allowed by law, including punitive damages; and to award any such further relief as this Honorable Court deems just and proper under the circumstances.

**COUNT VI**
**42 U.S.C. §1983**
**MIRANDA MAUCK AGAINST SHERIFF**

134. MAUCK re-alleges the allegations contained in paragraphs 1 through 49 above, as if fully set forth herein.

135. This is a cause of action for violation of civil rights pursuant to 42 U.S.C. §1983 against SHERIFF, and for damages for these violations of the Fourth and Fourteenth Amendments to the United States Constitution.

136. At all material times hereto, RICHARD SYLVESTER is a Deputy employed by SHERIFF and operating under the color of law.

137. SHERIFF had a policy, practice, and/or custom in place of not announcing or identifying themselves as law enforcement officers when searching with the intent of entry and/or entering, which amounts to an unlawful search and seizure, violating clearly established constitutional rights, as was done in the instant.

138. SHERIFF'S aforementioned policy was the moving force of the constitutional violation in the instant case.

139. On or about July 15, 2012, at approximately 1:30 A.M., RICHARD SYLVESTER, under the color of law, without cause, and with his gun drawn, stood inside the curtilage and knocked loudly on the door of APARTMENT 114, he failed to announce himself as a law enforcement officer and he forcibly entered the residence and proceeded to search and seize MAUCK.

140. Without warning, RICHARD SYLVESTER intended to make and made a forced physical entry into APARTMENT 114 by firing six bullets into APARTMENT 114.

141. Without warning, RICHARD SYLVESTER intended to make and made a second forced, physical entry into APARTMENT 114 by making chase into the apartment.

142. MAUCK posed no immediate threat to RICHARD SYLVESTER.

143. MAUCK had clearly established rights under the Constitution of the United States of America to be secure from unlawful restraint of her person and liberty and to be free from wrongful search and seizure. MAUCK'S person and liberty may be restricted only upon due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

144. This is an action brought pursuant to 42 U.S.C. §1983, which provides:

"Every person, who under color of any statute, ordinance, regulation, custom or usage of any State or Territory.... Subjects or causes to be

> subjected any citizen of the United States or others person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action of law, suit in equity of other proper proceeding for redress."

145. As a result of SHERIFF'S policy, practice, and/or custom, MAUCK'S home was forcibly entered and MAUCK was searched and seized.

146. MAUCK was deprived of her rights under the Fourth and Fourteenth Amendments to the United States Constitution. Violation of these rights entitles MAUCK to an award of damages for loss of those rights and the damages that resulted therefrom.

147. MAUCK has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from SHERIFF a reasonable fee for said counsel pursuant to 42 U.S.C. §1988 and all other relevant Federal Statutes.

WHEREFORE, for the foregoing reasons, MAUCK respectfully request this Honorable Court to take jurisdiction of this cause and the parties to this action; to enter an award of damages against SHERIFF; to award MAUCK her attorneys fees and costs pursuant to 42 U.S.C. §1988 and other applicable laws; and/or to enter judgment against SHERIFF for the foregoing reasons; to enter a judgment against SHERIFF for all compensatory damages allowed by law; and to award any such further relief as this Honorable Court deems just and proper under the circumstances.

## COUNT VII
## ASSAULT
## MIRANDA MAUCK AGAINST RICHARD SYLVESTER

148. MAUCK re-alleges the allegations contained in paragraphs 1 through 49 above, as if fully set forth herein.

149. This is a cause of action for Assault against RICHARD SYLVESTER and for damages.

150. On or about July 15, 2012, at approximately 1:30 A.M., RICHARD SYLVESTER, with his gun drawn, stood inside the curtilage and loudly knocked on the door of APARTMENT 114.

151. MAUCK positioned herself in the living room several feet behind her boyfriend, ANDREW LEE SCOTT, as he opened the door to their apartment.

152. Without warning, RICHARD SYLVESTER intended to make and made a forced physical entry into APARTMENT 114 by firing six bullets into APARTMENT 114.

153. Without warning, RICHARD SYLVESTER intended to make and made a second forced, physical entry into APARTMENT 114 by making chase into the apartment.

154. RICHARD SYLVESTER intended to cause a harmful or offensive contact or to place MAUCK in imminent apprehension of such harmful and offensive contact.

155. RICHARD SYLVESTER'S actions were in bad faith or with malicious purpose.

156. After witnessing the shooting of ANDREW LEE SCOTT and his subsequent death, and RICHARD SYLVESTER'S entry into MAUCK'S home with his gun fixed upon her, MAUCK was in imminent apprehension of harmful or offensive contact.

157. MAUCK was injured by debris from RICHARD SYLVESTER'S firing of six bullets into her home and in her direction.

158. MAUCK suffered damages that include physical inconvenience, physical discomfort, physical pain, physical suffering, medical expenses, mental suffering, embarrassment, humiliation, disgrace and injury to her feelings. MAUCK continues to suffer physical and emotional pain, which is likely to continue into the future.

WHEREFORE, for the foregoing reasons, MAUCK respectfully requests this Honorable Court to take jurisdiction of this cause and the parties to this action; to enter judgment against RICHARD SYLVESTER, in his individual capacity, for all compensatory damages allowed by law, including punitive damages, for MAUCK'S pain, suffering, loss of enjoyment of life, medical bills (both past and future), embarrassment, inconvenience, mental anguish; to award MAUCK attorney's fees and costs in the prosecution of this matter; and to award any such other and further relief as this Honorable Court deems just and proper under the circumstances.

## COUNT VIII
## FALSE IMPRISONMENT
## MIRANDA MAUCK AGAINST RICHARD SYLVESTER

159. MAUCK re-alleges the allegations contained in paragraphs 1 through 49 above, as if fully set forth herein.

160. This is a cause of action against RICHARD SYLVESTER for false imprisonment and for damages.

161. On or about July 15, 2012, at approximately 1:30 A.M., RICHARD SYLVESTER, with his gun drawn, stood inside the curtilage and loudly knocked on the door of APARTMENT 114.

162. Without warning or announcement that he was a law enforcement officer, RICHARD SYLVESTER intended to make and made a forced physical entry into APARTMENT 114 with his gun drawn.

163. RICHARD SYLVESTER searched, seized and detained MAUCK without consent, without a search warrant, without an arrest warrant and without probable cause.

164. RICHARD SYLVESTER removed MAUCK from APARTMENT 114.

165. MAUCK was placed in the back passenger area of a Lake County police cruiser. The doors of the cruiser were locked and MAUCK was not free to leave.

166. MAUCK'S seizure and detention lasted for over three hours, whereby she was not free to leave.

167. The seizure and detention of MAUCK was performed by RICHARD SYLVESTER.

168. The seizure and detention of MAUCK was unlawful, as MAUCK committed no criminal acts.

169. The seizure and detention of MAUCK was in bad faith or with malicious purpose.

170. Said seizure and detention of MAUCK was controlled and caused by RICHARD SYLVESTER.

171. MAUCK did not consent to the aforementioned actions of RICHARD SYLVESTER.

172. As a direct and proximate cause of the actions of RICHARD SYLVESTER, MAUCK was falsely imprisoned.

173. MAUCK suffered damages that include physical inconvenience, physical discomfort, physical pain, physical suffering, medical expenses, mental suffering, embarrassment, humiliation, disgrace and injury to her feelings. MAUCK continues to suffer physical and emotional pain, which is likely to continue into the future.

WHEREFORE, for the foregoing reasons, MAUCK respectfully requests this Honorable Court to take jurisdiction of this cause and the parties to this action; to enter judgment against RICHARD SYLVESTER, in his individual capacity, for all compensatory damages allowed by law, including punitive damages, for MAUCK'S pain, suffering, loss of enjoyment of life, medical bills (both past and future), embarrassment, inconvenience, mental anguish; to award MAUCK attorney's fees and costs in the prosecution of this matter; and to award any such other and further relief as this Honorable Court deems just and proper under the circumstances.

## COUNT IX
## FALSE IMPRISONMENT
## MIRANDA MAUCK AGAINST SHERIFF

174. MAUCK re-alleges the allegations contained in paragraphs 1 through 49 above, as if fully set forth herein.

175. This is a cause of action against SHERIFF for false imprisonment and for damages.

176. On or about July 15, 2012, at approximately 1:30 A.M., RICHARD SYLVESTER, with his gun drawn, stood inside the curtilage and loudly knocked on the door of APARTMENT 114.

177. Without warning or announcement that he was a law enforcement officer, RICHARD SYLVESTER intended to make and made a forced physical entry into APARTMENT 114 with his gun drawn.

178. RICHARD SYLVESTER searched, seized and detained MAUCK without consent, without a search warrant, without an arrest warrant and without probable cause.

179. RICHARD SYLVESTER removed MAUCK from APARTMENT 114.

180. RICHARD SYLVESTER transferred MAUCK to Deputy Lisa Dorrier.

181. Deputy Lisa Dorrier placed MAUCK in the back passenger area of a Lake County police cruiser. The doors of the cruiser were locked and MAUCK was not free to leave.

182. As a direct and proximate cause of the actions of SHERIFF'S employee or agents, MIRANDA MAUCK was falsely imprisoned.

183. RICHARD SYLVESTER'S conduct and actions were the type he was employed by SHERIFF to perform.

184. RICHARD SYLVESTER'S conduct and actions were activated at least in part by a purpose to serve SHERIFF.

185. Deputy Lisa Dorrier's conduct and actions were the type she was employed to by SHERIFF perform.

186. Deputy Lisa Dorrier's conduct and actions were activated at least in part by a purpose to serve SHERIFF.

187. MAUCK has suffered damages that include physical inconvenience, physical discomfort physical pain, physical suffering, medical expenses, mental suffering,

embarrassment, humiliation, disgrace and injury to her feelings. MAUCK continues to suffer physical and emotional pain, which is likely to continue into the future.

WHEREFORE, for the foregoing reasons, MAUCK respectfully requests this Honorable Court to take jurisdiction of this cause and the parties to this action; to enter an award of damages against SHERIFF for all compensatory damages allowed by law, as MAUCK suffered and seeks damages for pain, suffering, loss of enjoyment of life, medical bills both past and future, embarrassment, inconvenience, mental anguish; to award MAUCK attorney's fees and costs in the prosecution of this matter; and to award any such other and further relief as this Honorable Court deems just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiffs, AMY YOUNG and JOHN SCOTT, as Co-Personal Representatives of the ESTATE of ANDREW LEE SCOTT, and MIRANDA MAUCK, individually, hereby demand a trial by jury for all issues to triable.

DATED this 3rd day of June, 2013.


**Benjamin W. Loving, Esquire**
Florida Bar No. 096037
**Mark E. NeJame, Esquire**
Florida Bar No. 310931
**Jason J. Recksiedler, Esquire**
Florida Bar No. 092060
NeJame Law
NeJame, LaFay, Jancha, Ahmed, Barker, Joshi, & Moreno, PA
189 S. Orange Avenue, Suite 1800
Orlando, FL 32801
Telephone: 407-245-1232
Facsimile: 407-802-1445
Attorneys for Plaintiff
benjamin@nejamelaw.com
mark@nejamelaw.com
jason@nejamelaw.com